# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| SHALON LOWE, | ) |
| Plaintiff, | ) |
| | ) Case No. 4:21-cv-224 |
| v. | ) |
| | ) |
| THE CHEESECAKE FACTORY RESTAURANTS, INC., | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant The Cheesecake Factory Restaurants, Inc. ("Defendant") appears for the purpose of removing to the United States District Court for the Western District of Missouri the action styled *Shalon Lowe v. The Cheesecake Factory Restaurants, Inc.*, Case No. 2016-CV26264, currently pending in the Circuit Court of Jackson County, Missouri. Defendant removes this case on grounds of diversity jurisdiction under 28 U.S.C. § 1441. In support of its Notice of Removal, Defendant states:

1. Plaintiff commenced the above-captioned action in the Circuit Court of Jackson County, Missouri on December 18, 2020, by filing her Petition in the case styled *Shalon Lowe v. The Cheesecake Factory Restaurants, Inc.*, Case No. 2016-CV26264.

2. Plaintiff's Petition purports to assert claims for race discrimination and retaliation in violation of the Missouri Human Rights Act ("MHRA").

3. Plaintiff served Defendant with a summons and a copy of the Petition on March 12, 2021, which is attached as Exhibit A.

4. A Copy of the Circuit Court file is attached as Exhibit B to this Notice of Removal.

5. Under §§ 1441 and 1446, removal is timely if filed within 30 days after a defendant is served with a summons and the initial pleading.

6. Defendant is timely filing this removal, within 30 days of service.

**Diversity Jurisdiction**

7. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 by reason of complete diversity jurisdiction between the parties.

8. According to Plaintiff's Petition, she is a citizen of and resides in Missouri. Pet. ¶ 1.

9. Further, Plaintiff acknowledges that: "Defendant is a foreign corporation with a principal place of business in the State of California." Pet. ¶ 4.

10. Indeed, Defendant is incorporated in California and maintains its principal place of business in California. Exhibit C, Declaration of Acaya. Thus, Defendant is a citizen of California for purposes of diversity jurisdiction. 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77 (2010) (holding that a corporation's principal place of business is generally where its headquarters is located).

11. Accordingly, there is complete diversity of citizenship.

**Amount in Controversy**

12. Although Plaintiff does not plead a specific amount of damages (and Defendant denies Plaintiff's allegations and its liability), the amount in controversy claimed by Plaintiff exceeds $75,000.00, exclusive of interest and costs.

13. The standard for determining whether a plaintiff's claim meets the amount in controversy is "whether the fact finder might legally conclude" that a plaintiff's damages are greater than $75,000.00. *Quinn v. Kimble*, 228 F. Supp. 2d 1038, 1040 (E.D. Mo. 2002).

14. The Court is not bound by amounts stated in the Petition when determining the amount in controversy. *See O'Keefe v. Midwest Transit, Inc.*, No. 4:06 CV 1060 DDN, 2006 WL 2672992, at *1 (E.D. Mo. Sept. 18, 2006) (holding "[a]ny amounts stated in the petition are not

determinative, and the court must look to the substance of the claim to determine if federal jurisdiction is present); *see also Rodgers v. Wolfe*, No. 4:05 CV 01600 ERW, 2006 WL 335716, at *3 (E.D. Mo. Feb. 14, 2006) (holding "the amount stated in the petition is not determinative. It is the substance of the claim, not the conclusory recitation of its worth, that will determine if federal jurisdiction is extant.").

15. Courts consider compensatory damages, punitive damages, and attorneys' fees in determining whether the amount in controversy exceeds $75,000.00. *See Allison v. Sec. Ben. Life Ins. Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992); *Capital Indem. Corp. v. Miles*, 978 F.2d 437, 438 (8th Cir. 1992).

16. Plaintiff's alleged damages include "loss of income, loss of income opportunities," "emotional distress," and "related compensatory damages," as well as punitive damages and attorneys' fees. Pet. ¶¶ 51, 57, 58, 60, 66, 67, 69.

17. Certainly, an award of damages for lost income, loss of income opportunities, emotional distress, punitive damages, costs, expenses, and attorneys' fees could exceed $75,000.00.

18. Plaintiff gives no indication of her lost income or opportunities but, notably, the MHRA contains no cap for back pay damages. Mo. Rev. Stat. § 213.111.4. Other damages, including punitive damages but excluding back pay damages, are capped between $50,000 and $500,000, depending on the size of the employer. *Id.* There is not, however, any cap on attorneys' fees. *Id.* Fee awards in Missouri discrimination cases can exceed $75,000 by themselves:

- *Lawrence v. CNF Transp.*, No. 4-99-CV-00794-HFS, Doc. 124 (W.D. Mo. Mar. 12, 2002) (order awarding plaintiff $83,081.00 in attorneys' fees as prevailing party in discrimination case);

- *Lee v. Consolidated* Freightways, No. 99-1227-SOW, Doc. 131 (W.D. Mo. Aug. 14, 2002) (order awarding plaintiff $112,430 in attorneys' fees in

3

discrimination case).

19. Further, recent jury verdicts for plaintiffs for MHRA claims exceeded $75,000.00:

- *Johnson* v. *Cty of Kansas Cty, Mo.*, No. 1616CV08470, 2019 WL 4052340 (Cir. Ct. of Jackson Cnty., Mo. Apr. 5, 2019) (awarding $55,000 in compensatory damages, $75,000 in punitive damages, $368,730 in attorneys' fees, and $3,109.30 in costs for retaliation claim under the MHRA);

- *Sanders v. Cty of Kansas Cty, Mo.*, No. 1216CV15963, 2014 WL 2885306 (Cir. Ct. of Jackson Cnty., Mo. Feb. 26, 2014) (awarding $90,000 in compensatory damages, and $206,183 in attorneys' fees and court costs for retaliation claim under the MHRA).

20. Reading Plaintiff's Petition as a whole, this case clearly involves an amount in controversy exceeding $75,000.00.

**Conclusion**

21. As noted in the paragraphs above, Defendant is properly removing this case to federal court pursuant to 28 U.S.C. § 1441 because all of the parties are diverse and the amount in controversy exceeds $75,000.00.

22. Under §§ 1332, 1441(a) and 1446(a), and Local Rule 3.2, the United States District Court for the Western District of Missouri is the appropriate court for removing an action from the Circuit Court of Jackson County, Missouri, where this action was filed.

23. Promptly upon filing this Notice of Removal, Defendant shall give notice in writing to all parties and shall file a copy of this Notice of Removal with the Clerk of the Circuit Court of Jackson County, Missouri.

WHEREFORE, The Cheesecake Factory Restaurants, Inc. gives notice that this action is removed from the Circuit Court of Jackson County, Missouri to the United States District Court for the Western District of Missouri.

Respectfully submitted,

Constangy, Brooks, Smith & Prophete, LLP

/s/ R. Evan Jarrold
R. Evan Jarrold, MO Bar #64936
Charles S. Eberhardt, III, MO Bar #72780
2600 Grand Boulevard, Suite 750
Kansas City, MO 64108
Telephone: 816-472-6400
Facsimile: 816-472-6401
ejarrold@constancy.com
ceberhardt@constangy.com

ATTORNEYS FOR DEFENDANT

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on the 2nd day of April, 2021, the foregoing was served on counsel for Plaintiff via U.S. mail to the following:

Mary Madeline Johnson
Law Office of Madeline Johnson
220 Main St., Suite 201
Platte City, MO 64079
Telephone: (816) 607-1836
Facsimile: (816) 817-5507
mmjohnsonlaw@gmail.com

ATTORNEY FOR PLAINTIFF

/s/ R. Evan Jarrold
Attorney for Defendant
