

# Notice of Service of Process

**J9M / ALL**
**Transmittal Number: 22889190**
**Date Processed: 03/12/2021**

| | |
|---|---|
| **Primary Contact:** | Scarlett May<br>The Cheesecake Factory Incorporated<br>26901 Malibu Hills Rd<br>Calabasas Hills, CA 91301-5354 |
| **Electronic copy provided to:** | Kurt Leisure<br>Kristen Acaya<br>Joel Shafer<br>Sidney Greathouse |
| **Entity:** | The Cheesecake Factory Restaurants, Inc.<br>Entity ID Number 1595404 |
| **Entity Served:** | The Cheesecake Factory Restaurants, Inc. |
| **Title of Action:** | Shalon Lowe vs. The Cheescake Factory Restaurants, Inc. |
| **Matter Name/ID:** | Shalon Lowe vs. The Cheescake Factory Restaurants, Inc. (11039188) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Jackson County Circuit Court, MO |
| **Case/Reference No:** | 2016-CV26264 |
| **Jurisdiction Served:** | Missouri |
| **Date Served on CSC:** | 03/12/2021 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Mary Madeline Johnson<br>816-607-1836 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674 (888) 690-2882 | sop@cscglobal.com



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>CHARLES H MCKENZIE | Case Number: 2016-CV26264 |
|---|---|
| Plaintiff/Petitioner:<br>SHALON LOWE<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>MARY MADELINE JOHNSON<br>220 MAIN STREET<br>SUITE 202<br>PLATTE CITY, MO 64079 |
| Defendant/Respondent:<br>THE CHEESECAKE FACTORY RESTAURANTS, INC. | Court Address:<br>415 E 12th<br>KANSAS CITY, MO 64106 |
| Nature of Suit:<br>CC Public Accommodat 213.111 | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:** THE CHEESECAKE FACTORY RESTAURANTS, INC.
**Alias:**
CSC-LAWYERS INC SERVICE CO
221 BOLIVAR ST
JEFFERSON CITY, MO 65101

*COURT SEAL OF*
*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

22-FEB-2021
Date                                          Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).
☐ other _____.
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                          _____
Printed Name of Sheriff or Server      Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
(Seal)   Subscribed and sworn to before me on _____ (date).
My commission expires: _____   _____
                          Date              Notary Public

**Sheriff's Fees**
Summons                         $_____
Non Est                         $_____
Sheriff's Deputy Salary
Supplemental Surcharge          $    10.00
Mileage                         $_____ (_____ miles @ $._____ per mile)
**Total**                       $_____

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7/2018) SM30 (JAKSMCC) For Court Use Only: Document Id # 21-SMCC-1381 1 of 1 Civil Procedure Form No. 1; Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:21-cv-00224-BCW   Document 1-1   Filed 04/02/21   Page 2 of 15

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
# AT KANSAS CITY

SHALON LOWE

                PLAINTIFF(S),               CASE NO. 2016-CV26264

VS.                                                            DIVISION 13

THE CHEESECAKE FACTORY RESTAURANTS, INC.

                DEFENDANT(S),

## NOTICE OF CASE MANAGEMENT CONFERENCE FOR CIVIL CASE AND ORDER FOR MEDIATION

      NOTICE IS HEREBY GIVEN that a Case Management Conference will be held with the Honorable **CHARLES H MCKENZIE** on **05-APR-2021** in **DIVISION 13** at **08:30 AM**. All Applications for Continuance of a Case Management Conference should be filed on or before Wednesday of the week prior to the case management setting. Applications for Continuance of a Case Management Conference shall comply with Supreme Court Rule and 16th Cir. R. 34.1. Continuance of a Case Management Conference will only be granted for good cause shown because it is the desire of the Court to meet with counsel and parties in all cases within the first 4 months that a case has been on file. All counsel and parties are directed to check Case.NET on the 16th Judicial Circuit web site at www.16thcircuit.org after filing an application for continuance to determine whether or not it has been granted.

      A lead attorney of record must be designated for each party as required by Local Rule 3.5.1. A separate pleading designating the lead attorney of record shall be filed by each party as described in Local Rule 3.5.2. The parties are advised that if they do not file a separate pleading designating lead counsel, even in situations where there is only one attorney representing the party, JIS will not be updated by civil records department, and copies of orders will be sent to the address currently shown in JIS. Civil Records does not update attorney information from answers or other pleadings. The Designation of Lead Attorney pleading shall contain the name of lead counsel, firm name, mailing address, phone number, FAX number and E-mail address of the attorney who is lead counsel.

      At the Case Management Conference, counsel should be prepared to address at least the following:

      a.      A trial setting;

      b.      Expert Witness Disclosure Cutoff Date;

      c.      A schedule for the orderly preparation of the case for trial;

      d.      Any issues which require input or action by the Court;

      e.      The status of settlement negotiations.

## MEDIATION

The parties are ordered to participate in mediation pursuant to Supreme Court Rule 17. Mediation shall be completed within 10 months after the date the case if filed for complex cases, and 6 months after the date the case is filed for other circuit cases, unless otherwise ordered by the Court. Each party shall personally appear at the mediation and participate in the process. In the event a party does not have the authority to enter into a settlement, then a representative of the entity that does have actual authority to enter into a settlement on behalf of the party shall also personally attend the mediations with the party.

The parties shall confer and select a mutually agreeable person to act as mediator in this case. If the parties are unable to agree on a mediator the court will appoint a mediator at the Case Management Conference.

Each party shall pay their respective pro-rata cost of the mediation directly to the mediator.

## POLICIES/PROCEDURES

Please refer to the Court's web page www.16thcircuit.org for division policies and procedural information listed by each judge.

/S/ **CHARLES H MCKENZIE**
CHARLES H MCKENZIE, **Circuit Judge**

Certificate of Service

This is to certify that a copy of the foregoing was mailed postage pre-paid or hand delivered to the plaintiff with the delivery of the file-stamped copy of the petition. It is further certified that a copy of the foregoing will be served with the summons on each defendant named in this action.

Attorney for Plaintiff(s):
MARY MADELINE JOHNSON, 220 MAIN STREET, SUITE 202, PLATTE CITY, MO 64079

Defendant(s):
THE CHEESECAKE FACTORY RESTAURANTS, INC.

Dated: 23-DEC-2020

MARY A. MARQUEZ
Court Administrator

2016-CV26264                          Page 2 of 2                          DMSNCMCIV (2/2017)
Case 4:21-cv-00224-BCW   Document 1-1   Filed 04/02/21   Page 4 of 15

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
AT KANSAS CITY

| | |
|---|---|
| SHALON LOWE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. |
| ) | |
| ) | |
| THE CHEESCAKE FACTORY ) | |
| RESTAURANTS, INC. ) | REQUEST FOR JURY TRIAL |
| ) | |
| Serve at: ) | |
| ) | |
| CSC-Lawyers Incorporating ) | |
| Service Company ) | |
| 221 Bolivar Street ) | |
| Jefferson City, MO 65101 ) | |
| ) | |
| Defendant. ) | |

## PETITION FOR DAMAGES

COMES NOW Plaintiff Shalon Lowe ("Plaintiff") and for her Complaint for Damages against The Cheesecake Factory Restaurants, Inc. ("Defendant"), alleges and states as follows:

### Parties and Jurisdiction

1. Plaintiff is an African American woman and a citizen of the United States, residing in Missouri.

2. At all times pertinent to this Complaint for Damages, Plaintiff was a business invitee of Defendant.

3. Plaintiff is a member of the protected class of "race" within the meaning of the Missouri Human Rights Act, RSMo §§ 213.010 et seq. ("MHRA").

4. Defendant is a foreign corporation with a principal place of business in the State of California.

1

5. Defendant owns and operates the Cheesecake Factory Restaurant located at 4701 Wyandotte, Kansas City, Missouri, a place of public accommodations within the meaning of the MHRA and located within the State of Missouri.

6. Defendant and Defendant's employees are a "persons" within the meaning of the MHRA.

7. This Complaint is brought under the MHRA.

8. Some, if not all, of the alleged unlawful discriminatory practices took place in the State of Missouri, within Jackson County.

9. Jurisdiction and venue are proper in Jackson County, Missouri pursuant to RSMo. §§ 508.010 and 213.111(1), (2).

### Administrative Procedure and Procedural Posture

10. On or about October 29, 2019, Plaintiff timely filed a Charge of Discrimination with the Missouri Commission on Human Rights ("MCHR") alleging Defendant discriminated against her on the basis of Plaintiff's race.

11. On or about September 24, 2020, the MCHR issued to Plaintiff a Notice of Right to Sue (attached as Exhibit A and incorporated herein by reference).

12. Plaintiff's Complaint is filed within ninety (90) days of the issuance of the MCHR's Notice of Right to Sue.

13. The aforesaid Charge of Discrimination provided the MCHR sufficient opportunity to investigate the full scope of the controversy between the parties and, accordingly, the sweep of this judicial complaint may be and is as broad as the scope of an MCHR investigation, which could reasonably be expected to have grown out of the Charge of Discrimination.

2

Case 4:21-cv-00224-BCW   Document 1-1   Filed 04/02/21   Page 6 of 15

14. Plaintiff has satisfied all private, administrative and judicial prerequisites to the institution of this action.

## General Allegations Common to All Counts

15. Plaintiff is an African American woman.

16. On or about May 25, 2019 Plaintiff was working for Door Dash as a delivery driver.

17. Plaintiff received notification from Door Dash to pick up an order of food at the Cheesecake Factory restaurant located at 4701 Wyandotte, Kansas City, Missouri for delivery.

18. Upon arrival at Defendant's restaurant Plaintiff entered and waited by a pillar, which is where she had previously been instructed by Defendant to stand and wait for her order to be brought to her.

19. Plaintiff waited patiently for her pick-up order.

20. Plaintiff wore her Door Dash badge and carried her red Door Dash bag, which were open and obvious for Defendant's employees to see and identify Plaintiff and her purpose for being in the restaurant.

21. Many employees of Defendant saw Plaintiff, but said nothing to her, and otherwise refused to acknowledge Plaintiff's presence.

22. After several minutes, Plaintiff asked about her order and was told by an employee of Defendant to wait, that it was being prepared and would be brought to her within a few minutes.

23. Plaintiff continued to wait as instructed for several more minutes with no further acknowledgement from Defendant's employees.

24. Plaintiff became anxious as her wait time continued to increase.

25. After several more minutes, Plaintiff spoke to a Caucasian male manager, who upon information and belief was named "Chris," who instructed Plaintiff to go wait in the bakery line.

26. At or about this same time a Caucasian male Door Dash Driver arrived.

27. Like Plaintiff, the Caucasian male was wearing his Door Dash identification and carrying a red Door Dash bag.

28. The Caucasian driver went to wait by the pillar.

29. Within less than five minutes of his arrival, Defendant's employees acknowledged him, asked him which order he was there to pick up, and brought him the order.

30. Upon witnessing this, Plaintiff began to question what was happening and asked why the Caucasian Door Dash driver was able to walk in, be respectfully greeted, and get his order within five minutes.

31. By this time Plaintiff had been waiting in excess of forty minutes and had not been acknowledged by Defendant's employees until she specifically stopped someone to ask about her order.

32. Plaintiff further questioned why she had been directed to wait in the bakery line instead of waiting in the more visible spot by the pillar like the Caucasian driver.

33. The Caucasian manager named Chris did not like Plaintiff questioning what was happening and became visibly angry.

34. The Caucasian manager named Chris then ordered Plaintiff to leave.

35. The Caucasian male Door Dash driver was still present when this occurred and he also called out "Chris" for making Plaintiff wait in the bakery line when all other Door Dash drivers had been instructed to wait by the pillar to pick up their orders.

36. Chris did not like being called out for treating Plaintiff, an African American, differently than he treated Caucasian Door Dash drivers.

37. Chris then got another Caucasian manager, Adam House, who likewise ordered Plaintiff to leave.

38. House told Plaintiff they were not going to serve her.

39. At this point Plaintiff began to cry because of Defendant's employees' discriminatory behavior towards her.

40. As Plaintiff headed to the door to leave the restaurant, she was met by multiple officers of the Kansas City, Missouri Police Department who had arrived.

41. The officers escorted Plaintiff out of the restaurant in front of a large crowd of other people both inside the restaurant and outside the restaurant.

42. Plaintiff was embarrassed, humiliated, degraded, and emotionally distressed by being escorted by police from the premises of Defendant's restaurant.

43. The officers of the Kansas City, Missouri Police Department were acting based upon a false report made by Defendant's employee Adam House.

44. Outside of the restaurant, the officers informed Plaintiff that House, the manager of the Cheesecake Factory had reported Plaintiff was "tearing up the place."

45. The report made by House to the Kansas City, Missouri Police Department was untrue.

46. Defendant treated Plaintiff differently than it treated Caucasian invitees of its restaurant because of her race.

47. Defendant, through its employees, expelled Plaintiff from its restaurant because of her race, but promptly greeted and served a similarly situated Caucasian male Door Dash driver, whom it did not expel from its restaurant.

48. Defendant, through its employees, agents, and representative, had Plaintiff removed from the premises of its restaurant when she complained of the discriminatory treatment.

49. Defendant, through its employees, agents, and representatives, did not expel the Caucasian male Door Dash driver when he came to the assistance of Plaintiff.

50. Defendant discriminated against Plaintiff because of her race.

51. Plaintiff was damaged in the form of lost income, lost income opportunities, and consequential damages as a direct and proximate result of Defendants conduct through its employees.

## COUNT I – VIOLATION OF THE MHRA – RACE DISCRMINATION

52. Plaintiff hereby re-alleges and incorporates by reference the allegations contained in Paragraphs 1 through 51 above.

53. Plaintiff is an African American woman and member of the protected class of race.

54. Plaintiff was subjected to discrimination because of her race at the hands of Defendant and/or Defendant's employees, agents, and subordinates, in that she was singled out for disparate treatment and treated less favorably than other invitees of Defendant's restaurant when Adam House and other employees refused to serve Plaintiff, ordered Plaintiff to leave the restaurant, and made a false report to the Kansas City, Missouri Police Department claiming Plaintiff was "tearing up the place."

55. Defendant denied Plaintiff access to a public accommodation due to her race.

56. By taking no action to stop its employees from discriminating against Plaintiff, Defendant ratified, authorized, and/or condoned its employees' conduct.

6

57. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff was deprived of the enjoyment, use, services, and goods of The Cheesecake Factory Restaurant and was further humiliated, degraded, and publicly embarrassed by Defendant through its employees.

58. As a further direct and proximate result of Defendant's actions and/or omissions, Plaintiff has suffered a loss of income, loss of income opportunities, loss of self-esteem, humiliation, emotional distress, mental anguish, pain and suffering, and related compensatory damages.

59. By failing to take prompt and effective remedial action, Defendant in effect condoned, ratified, and/or authorized the discrimination against Plaintiff.

60. As shown by the foregoing, Defendant's conduct was willful, wanton, and malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff, thus, justifying an award of punitive damages in an amount sufficient to punish Defendant or to deter them and other companies from the conduct in the future.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against the Defendant for lost income, lost income opportunities, compensatory damages, punitive damages, for reasonable attorney fees and costs incurred herein, for pre- and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as this Court deems just and proper.

### COUNT II – VIOLATION OF THE MHRA – RETALIATION

61. Plaintiff hereby re-alleges and incorporates by reference the allegations contained in Paragraphs 1 through 60 above.

62. Plaintiff is an African American woman and member of the protected class of race.

63. On or about May 25, 2019 Plaintiff complained to Adam House and other employees of The Cheesecake Factory Restaurant's discrimination against her.

64. Plaintiff was subjected to retaliation because of her complaint of race discrimination at the hands of Defendant and/or Defendant's employees, agents, and subordinates, in that Adam House and other employees refused to serve Plaintiff, ordered Plaintiff to leave the restaurant, and made a false report to the Kansas City, Missouri Police Department claiming Plaintiff was "tearing up the place" in response to Plaintiff complaining about being discriminated against because of her race.

65. By taking no action to stop its employees from retaliating against Plaintiff, Defendant ratified, authorized, and/or condoned its employees' conduct.

66. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff was deprived of the enjoyment, use, services, and goods of The Cheesecake Factory Restaurant and was further humiliated, degraded, and publicly embarrassed by Defendant through its employees.

67. As a further direct and proximate result of Defendant's actions and/or omissions, Plaintiff has suffered a loss of income, loss of income opportunities, loss of self-esteem, humiliation, emotional distress, mental anguish, pain and suffering, and related compensatory damages.

68. By failing to take prompt and effective remedial action, Defendant in effect condoned, ratified, and/or authorized the retaliation against Plaintiff.

69. As shown by the foregoing, Defendant's conduct was willful, wanton, and malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff, thus, justifying an award of punitive damages in an amount sufficient to punish Defendant or to deter them and other companies from the conduct in the future.

WHEREFORE, Plaintiff requests that the Court enter judgment in her favor and against the Defendant for lost income, lost income opportunities, compensatory damages, punitive damages, for reasonable attorney fees and costs incurred herein, for pre- and post-judgment interest as allowed by law, and for such other and further legal and equitable relief as this Court deems just and proper.

## Demand for Jury Trial

Plaintiff requests a trial by jury, in the Circuit Court of Clay County, Missouri, on all counts and allegations of wrongful conduct alleged in this Complaint.

Respectfully Submitted,

LAW OFFICE OF MADELINE JOHNSON

/s/ *Madeline Johnson*
Mary Madeline Johnson, Mo. Bar # 57716
220 Main Street, Suite 201
Platte City, Missouri 64079
Telephone: (816) 607-1836
Facsimile: (816) 817-5507
Email: mmjohnsonlaw@gmail.com

ATTORNEY FOR PLAINTIFF



MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS
# MISSOURI COMMISSION ON HUMAN RIGHTS

| MICHAEL L. PARSON | ANNA S. HUI | MARTHA STAGGS | ALISA WARREN, PH.D. |
|---|---|---|---|
| GOVERNOR | DEPARTMENT DIRECTOR | COMMISSION CHAIRPERSON | EXECUTIVE DIRECTOR |

Shalon C. Lowe
C/O Law Office Of Madeline Johnson
P.O. Box 1221
Platte City, MO 64079
*Via Complainant Attorney Email*

## NOTICE OF RIGHT TO SUE

RE: Shalon C. Lowe vs. CHEESECAKE FACTORY ET AL
P-10/19-04757

The Missouri Commission on Human Rights (MCHR) is terminating its proceedings and issuing this notice of your right to sue under the Missouri Human Rights Act because you have requested a notice of your right to sue.

This letter indicates your right to bring a civil action within 90 days of the date of this notice against the respondent(s) named in the complaint. Such an action may be brought in any circuit court in any county in which the unlawful discriminatory practice is alleged to have occurred, but it must be brought no later than two years after the alleged cause occurred or its reasonable discovery. Upon issuance of this notice, the MCHR is terminating all proceedings relating to the complaint. No person may file or reinstate a complaint with the MCHR after the issuance of a notice of right to sue relating to the same practice or act. You are hereby notified of your right to sue the Respondent(s) named in your compliant in state circuit court. **THIS MUST BE DONE WITHIN 90 DAYS OF THE DATE OF THIS NOTICE OR YOUR RIGHT TO SUE IS LOST.**

You are also notified that the Executive Director is hereby administratively closing this case and terminating all MCHR proceedings relating to it. This notice of right to sue has no effect on the suit-filing period of any federal claims. This notice of right to sue is being issued as required by Section 213.111.1, RSMo, because it has been over 180 days after the filing of the complaint and MCHR has not completed its administrative processing.

Respectfully,

Alisa Warren, Ph.D.
Executive Director

September 24, 2020
Date

C: additional contacts listed on next page

☒ ☐ ☐ ☐ ☐

3315 W. TRUMAN BLVD.
P.O. BOX 1129
JEFFERSON CITY, MO 65102-1129
PHONE: 573-751-3325

111 N. 7TH STREET, SUITE 903
ST. LOUIS, MO 63101-2100
PHONE: 314-340-7590
FAX: 314-340-7238

P.O. BOX 1300
OZARK, MO 65721-1300

1410 GENESSEE, SUITE 260
KANSAS CITY, MO 64102
FAX: 816-889-3582

106 ARTHUR STREET
SUITE D
SIKESTON, MO 63801-5454
FAX: 573-472-5321

Missouri Commission on Human Rights is an equal opportunity employer/program. Auxiliary aides and services are available upon request to individuals with disabilities.
TDD/TTY: 1-800-735-2966 (TDD) Relay Missouri: 711
www.labor.mo.gov/mohumanrights E-Mail: mchr@labor.mo.gov

RE: Shalon C. Lowe vs. CHEESECAKE FACTORY ET AL
P-10/19-04757

CHEESECAKE FACTORY ET AL
4701 Wyandotte Street
Kansas City, MO 64112
*Via Respondent Contact Email*

ATTN: Adam House

Nikki Howell
ATTORNEY AT LAW
2600 Grand Boulevard, Suite 750
Kansas City, MO 64108
*Via Email*

Madeline Johnson
ATTORNEY AT LAW
P.O. Box 1221
Platte City, MO 64079
*Via Email*